**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SALVADOR HERNANDEZ and YADIRA HERNANDEZ,

        Plaintiffs,

        v.

WELLS FARGO BANK, N.A., et al.,

        Defendants.

3:12-cv-62-RCJ-WGC

**ORDER**

Currently before the Court are two Motions to Dismiss (#6, 18) and a Motion to Expunge Lis Pendens (#8). The Court heard oral argument on May 29, 2012.

**BACKGROUND**

**I.  Facts**

Plaintiffs Salvador Hernandez and Yadira Hernandez (collectively "Plaintiffs") executed a note secured by a deed of trust on a piece of property located at 317 "K" Street, Sparks, Nevada, 89431, which was recorded in Washoe County on September 22, 2004. (Deed of Trust (#7) at 5, 7). The mortgage, dated September 20, 2004, was for $209,900. (*Id.* at 6). The lender and beneficiary on the deed of trust was Wells Fargo Bank, N.A. (*Id.* at 5-6). The trustee on the deed of trust was United Title of Nevada. (*Id.* at 6).

On December 1, 2009, Plaintiffs defaulted on their mortgage payments. (*See* Notice of Default (#7) at 40).

On August 18, 2010, Wells Fargo Bank executed a substitution of trustee and replaced

MTC Financial as the trustee for United Title of Nevada.[1] (Substitution of Trustee (#7) at 44).

On August 20, 2010, LSI Title Agency and Ticor Title of Nevada as agent for MTC Financial Inc. dba Trustee Corps, as agent for beneficiary, recorded a notice of default and election to sell with the Washoe County Recorder's office. (Notice of Default (#7) at 40-41). The notice of default named MTC Financial dba Trustee Corps as the duly appointed substituted trustee. (*Id.* at 40). The notice of default identified the breach of obligations as "the installment of principal and interest, along with late charges, plus foreclosure costs and legal fees, plus all of the terms and conditions as per the deed of trust, promissory note and related loan documents." (*Id.*).

On December 8, 2011, Trustee Corps recorded a notice of trustee's sale with the Washoe County Recorder's office. (Notice of Trustee's Sale (#7) at 46-47). That same day, Trustee Corps recorded a certificate from the Nevada foreclosure mediation program which stated that the beneficiary could proceed with the foreclosure process. (Mediation Certificate (#7) at 49). On January 23, 2012, Trustee Corps recorded a trustee's deed upon sale which explained that Trustee Corps had sold the property to Federal Home Loan Mortgage Corporation for $133,363.67 at a public auction on January 19, 2012. (Trustee's Deed Upon Sale (#7) at 51-52).

**II.   Complaint**

In January 2012, Wells Fargo Bank, N.A. filed a petition for removal and attached Plaintiffs' complaint from the Second Judicial District Court in Washoe County. (Pet. for Removal (#1); Compl. (#1) at 6-16). In the complaint, Plaintiffs sued Wells Fargo Bank, N.A., United Title of Nevada, Inc., and MTC Financial, Inc. dba Trustee Corps, Inc. (collectively "Defendants"). (Compl. (#1) at 6).

Plaintiff alleged three causes of action. (*Id.* at 12-15). In the first cause of action, Plaintiffs alleged unlawful or fraudulent foreclosure because Defendants had improperly invoked the non-judicial foreclosure procedures and recorded documents that did not qualify

---

[1] The Substitution of Trustee was recorded on December 16, 2010. (Substitution of Trustee (#7) at 44).

for recording under NRS § 111.205, the statute of frauds. (*Id.* at 12). In the second cause of action, Plaintiffs sought declaratory relief that Defendants did not have the right to foreclose based on the documents filed to date. (*Id.* at 13). Plaintiffs asserted that Defendants had violated NRS § 111.205 and, thus, the documents that had been filed with the Washoe County Recorder's office were void and unenforceable. (*Id.*). In the third cause of action, Plaintiffs sought injunctive relief. (*Id.*).

**DISCUSSION**

**I.    Wells Fargo Bank's Motion to Dismiss (#6)**

Wells Fargo asserts that its motion to dismiss should be granted because the substitution of trustee was *executed* prior to the filing of the notice of default and that it does not matter that the substitution of trustee was *recorded* after the filing of the notice of default. (Mot. to Dismiss (#6) at 6). Wells Fargo argues that the recorded documents establish legal authority to foreclose on Plaintiffs' property. (*Id.* at 8). Wells Fargo asserts that the first cause of action should be dismissed because Plaintiffs failed to tender and, thus, cannot state a claim for wrongful foreclosure. (*Id.* at 10). Wells Fargo argues that NRS § 111.205 is not applicable to the current case. (*Id.* at 11). Wells Fargo asserts that the second and third claims should be dismissed because declaratory relief and injunctive relief cannot survive without a substantive claim. (*Id.* at 12-13).

Plaintiffs, counseled, did not file a response. (*See generally* Docket Sheet). Wells Fargo filed a notice of non-opposition stating that Plaintiffs failed to respond by February 26, 2012. (Non-Opp'n (#15) at 2).

Local Rule 7-2(d) states that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Nev. Loc. R. 7-2(d). As such, Plaintiffs' failure to respond constitutes the granting of the motion to dismiss. The Court grants Wells Fargo Bank's Motion to Dismiss (#6) the complaint in its entirety without leave to amend.

**II.   Wells Fargo Bank's Motion to Expunge Lis Pendens (#8)**

Wells Fargo filed a motion to expunge lis pendens because the complaint was entirely

3

1  devoid of any reason why the foreclosure of the property was unlawful. (Mot. to Expunge Lis
2  Pendens (#8) at 5).

3  Plaintiffs, counseled, did not file a response. (*See generally* Docket Sheet). Wells
4  Fargo filed a notice of non-opposition stating that Plaintiffs failed to respond by March 1, 2012.
5  (Non-Opp'n (#15) at 2).

6  Local Rule 7-2(d) states that "[t]he failure of an opposing party to file points and
7  authorities in response to any motion shall constitute a consent to the granting of the motion."
8  Nev. Loc. R. 7-2(d). As such, Plaintiffs' failure to respond constitutes the granting of the
9  motion to expunge lis pendens. The Court grants Wells Fargo's Motion to Expunge Lis
10 Pendens (#8).

11 **III.     United Title of Nevada's Motion to Dismiss (#18)**

12 United Title filed a motion to dismiss the entire complaint. (Mot. to Dismiss (#18) 4-5).

13 Plaintiffs, counseled, did not file a response. (*See generally* Docket Sheet). United
14 Title filed a notice of non-opposition stating that Plaintiffs failed to respond by March 29, 2012.
15 (Non-Opp'n (#25) at 1).

16 Local Rule 7-2(d) states that "[t]he failure of an opposing party to file points and
17 authorities in response to any motion shall constitute a consent to the granting of the motion."
18 Nev. Loc. R. 7-2(d). As such, Plaintiffs' failure to respond constitutes the granting of the
19 motion to dismiss. The Court grants United Title of Nevada's Motion to Dismiss (#18) the
20 complaint in its entirety without leave to amend.

21 **IV.     MTC Financial, Inc. dba Trustee Corps, Inc.**

22 Trustee Corps did not file a motion to dismiss in this case. However, the Court *sua*
23 *sponte* dismisses them from the case because they were a properly substituted trustee at the
24 time that they filed the notice of default. As such, the foreclosure was proper.

25 **CONCLUSION**

26 For the foregoing reasons, IT IS ORDERED that Wells Fargo's Motion to Dismiss (#6)
27 is GRANTED without leave to amend.

28 IT IS FURTHER ORDERED that Wells Fargo's Motion to Expunge Lis Pendens (#8)

is GRANTED.

IT IS FURTHER ORDERED that United Title of Nevada's Motion to Dismiss (#18) is GRANTED without leave to amend.

IT IS FURTHER ORDERED that MTC Financial Inc. dba Trustee Corps, Inc. is *sua sponte* DISMISSED from this case.

IT IS FURTHER ORDERED that Wells Fargo's Request for Decision on its Motion to Dismiss and Motion to Expunge Lis Pendens or in the Alternative Request for Hearing (#29) is DENIED as moot.

The Clerk of the Court shall enter judgment accordingly.

DATED: This 6th day of July, 2012.

_____
United States District Judge